# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 99-3951, 99-3954

_____

|  |  |  |
|---|---|---|
| _____ | * | |
| | * | |
| No. 99-3951 | * | |
| | * | |
| _____ | * | |
| | * | |
| In re Kevin J. Wedemeier; | * | |
| In re Kenda R. Wedemeier, | * | |
| | * | |
| Debtors, | * | |
| -------------------- | * | |
| | * | |
| Earnest Reiter; Louise Reiter, | * | |
| | * | |
| Appellees, | * | On Appeal from the United |
| | * | United States Bankruptcy |
| v. | * | Appellate Panel for the |
| | * | for the Eighth Circuit. |
| Habbo G. Fokkena, Chapter 7 Trustee, | * | |
| | * | |
| Appellant, | * | |
| -------------------- | * | |
| | * | |
| Arnold A. Bartz; Delores J. Bartz, | * | |
| | * | |
| Appellees, | * | |
| | * | |
| v. | * | |
| | * | |
| Habbo G. Fokkena, Chapter 7 Trustee, | * | |
| | * | |
| Appellant. | * | |

_____

No. 99-3954

_____

In re Kevin J. Wedemeier;
In re Kenda R. Wedemeier,

Debtors,

--------------------

Earnest Reiter; Louise Reiter,

Appellants,

v.

Habbo G. Fokkena, Chapter 7 Trustee,

Appellee.

*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*

_____

Submitted:  November 2, 2000
Filed:  January 16, 2001

_____

Before RICHARD S. ARNOLD, HANSEN, and BYE, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Debtors Kevin and Kenda Wedemeier (tenants) are Iowa farmers who leased non-residential farmland from Ernest and Louise Reiter, and from Arnold and Delores

Bartz (the Reiters and Bartzes will be collectively referred to as "landlords"). Tenants filed a Chapter 7 bankruptcy petition, and a dispute arose over the rights to the crops planted on the leased farmland. Trustee Habbo G. Fokkena appeals from that part of a final order[1] of the United States Bankruptcy Appellate Panel which reversed the Bankruptcy Court's valuation of landlords' administrative claims for rent; the Reiters cross-appeal from that part of the Panel's final order which affirmed the Bankruptcy Court's grant of summary judgment to the trustee approving his avoidance of their landlords' liens in tenants' crop proceeds. We affirm the judgment of the Bankruptcy Appellate Panel.

In 1998, tenants leased 149.6 acres of farmland from the Reiters and 183 acres of farmland from the Bartzes. Both lease contracts were for a term of one year. The Reiter lease ran from January 16, 1998, to January 16, 1999, with a total rent of $18,000, due in equal installments of $9,000 on March 1 and December 1, 1998.[2] The Bartz lease ran from March 1, 1998, to March 1, 1999, with a total annual rent of $20,130: $4,500 due on March 1, 1998, and $15,630 due on November 15, 1998.

Tenants paid the March installment due under the Bartz lease, but failed to pay the March installment due under the Reiter lease. Nevertheless, tenants planted crops on the leased land in May. On June 8, before any of the landlords perfected a contractual lien in tenants' growing crops, tenants filed their bankruptcy petition. Tenants continued to care for the crops during the postpetition period and remained in possession of the leased farmland through harvest. Meanwhile, the trustee neither assumed nor rejected either of the two leases. Therefore, by operation of 11 U.S.C. § 365(d)(4), the leases were deemed rejected on August 7, 1998.

---

[1]In re Wedemeier, 239 B.R. 794 (BAP 8th Cir. 1999).

[2]The Reiter lease document submitted on appeal indicates a total lease payment of $16,456. Nevertheless, the parties assert here, as they did below, that the facts are undisputed, and that the correct figure is $18,000.

Thereafter, the First National Bank of Oelwin commenced an adversary proceeding to determine the priority of interests in tenants' 1998 growing crops. In a court-approved settlement agreement, tenants, the trustee, and the bank stipulated (1) that tenants would be employed by the trustee to harvest the growing crops at the standard rate for such work; (2) that $34,538.25 in crop proceeds, representing the cash rent due the landlords, would be escrowed; (3) that tenants and the bank would waive all rights to escrowed funds; and (4) that the rights of the trustee and landlords would be preserved subject to later determination by the Court. The trustee filed a motion for summary judgment, seeking an order allowing him to avoid landlords' liens in the crop proceeds, and determinations as to whether landlords would be allowed administrative claims for rent, and as to the value of these claims, if allowed. The parties stipulated that the trustee's postpetition use of the leased farmland produced a tangible benefit to the bankruptcy estate, and that the leases specified reasonable rent for the farmland.

Following a hearing, the Bankruptcy Court granted summary judgment to the trustee, holding that he was entitled to avoid landlords' liens. The Court further concluded, however, that landlords were entitled to administrative expenses for rent. It calculated landlords' administrative claims on a per diem basis by dividing the total annual rent due under each lease by 365, then multiplying that figure by the number of postpetition days (142) the leased land was used by the estate to grow crops. Accordingly, the Bartzes were awarded $7,003.44, and the Reiters were awarded $7,831.30.[3]

The Bankruptcy Appellate Panel affirmed the Bankruptcy Court's grant of judgment on the lien-avoidance issue, but reversed the order as to the calculation of the

---

[3]We note that, even accepting the $18,000 figure cited in the Bankruptcy Court's opinion as the Reiter annual lease payment, it appears that the administrative awards are reversed, that is, the Reiters' award should be $7,003, and the Bartzes' award $7,831. However, the parties do not challenge the award figures in this Court except as to the per diem calculation.

landlords' administrative claims, ordering the case remanded with instructions to determine separately the rental value of the land during the growing season and the non-growing season, to apportion the total rent appropriately between the two seasons, and to adjust the rental rate accordingly for the 142-day period.

Having reviewed the Bankruptcy Court's findings of fact for clear error and its conclusions of law de novo, see In re Gateway Pac. Corp., 153 F.3d 915, 917 (8th Cir. 1998), we conclude the Panel properly affirmed the Bankruptcy Court's approval of the trustee's avoidance of the landlords' lien over the crop proceeds, see 11 U.S.C. § 545(3) (trustee may avoid statutory lien on debtor property to extent that such lien is for rent).  The Reiters argue that the trustee should be estopped to exercise his section 545 power to avoid their liens because his deemed rejection of their unexpired lease is inconsistent with his retaining possession of and harvesting the crop.  See 11 U.S.C. § 365(d)(1), (4) (where trustee does not assume or reject unexpired lease of nonresidential property within 60 days after order for relief, lease is deemed rejected and trustee must immediately surrender such property to lessor).  We reject this argument.  The trustee is authorized to take precisely these actions:  although his duties involve performing the debtors' obligation until rejection, once rejection occurs, whether by affirmative action or by operation of law, his duties also require him to preserve the estate.  See Hossaini v. W. Mo. Med. Ctr., 140 F.3d 1140, 1143 (8th Cir. 1998) (judicial estoppel is limited to those instances in which party takes position that is clearly inconsistent with its earlier position).  Furthermore, landlords failed to seek the remedies available to them--e.g., filing a motion to compel turnover of the property, or filing a motion for relief from the automatic stay--upon the trustee's failure to surrender the leased property immediately.  Cf. In re JAS Enter., Inc., 180 B.R. 210, 216 (Bankr. D. Neb. 1995) (estoppel unwarranted where debtor's maintenance of possession of leased premises involved both debtor's failure to surrender property in violation of § 365(d)(4) and landlord's failure to seek prompt judicial relief), aff'd, 113 F.3d 1238 (8th Cir. 1997).

As to the valuation of landlords' administrative claims for rent, the Bankruptcy Appellate Panel was correct in holding that the reasonable rental value of the property used provides the measure of landlords' administrative claim for rent. Given the intensive agricultural use of the land during the 142-day period, we further conclude that the Panel properly recognized that the estate "extracted nearly all of the economic value available from the land" during that time, and determine that the Bankruptcy Court's computation method was inappropriate in this case because the reasonable rental value of the farmland was not constant during the entire lease term. Thus, we hold that the Bankruptcy Court's calculation unjustly enriched the bankruptcy estate by not recognizing that the majority of the land's economic benefit attached to the growing season. See In re Dant & Russell, Inc., 853 F.2d 700, 707 (9th Cir. 1988) (trustee's liability for actual use and occupancy is founded upon equitable principle of preventing unjust enrichment); cf. In re Longua, 58 B.R. 503, 504-06 (Bankr. W.D. Wis. 1986) (recognizing two lines of cases regarding calculation of administrative claims for rent--one based on reasonable value of portion of demised premises actually used and occupied, and one on the reasonable value without regard to amount of space used; holding that landlords were entitled to full rental payments, not "warehouse" value of premises, until lease assumed or rejected).

Accordingly, we remand to the Bankruptcy Appellate Panel, with instructions to remand to the Bankruptcy Court to determine, in accordance with this opinion, a more precise measure of the 142-day period's economic value to the bankruptcy estate, using a calculation method which apportions the total rent between the growing season (which includes the time field work is being done before planting and after harvest) and the non-growing season (when the land is unproductive and not being worked). That portion of the judgment of the Bankruptcy Appellate Panel having to do with avoidance of the statutory lien is affirmed.

It is so ordered.

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.